IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| SELECTIVE WAY INSURANCE COMPANY, | : |  |
|---|---|---|
| Plaintiff | : | CIVIL ACTION NO. 1:10-CV-405 |
| v. | : | (Chief Judge Kane) |
| CINDY GINGRICH, | : |  |
| Defendant | : |  |

**MEMORANDUM**

Before the Court is Plaintiff's motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 13.) This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be granted.

I.      BACKGROUND

On July 14, 2007, Defendant's husband, Randy Gingrich, was operating a vehicle insured by Plaintiff Selective Way Insurance Company. (Doc. No. 1-9, Ex. I, at 15 (hereinafter "Garthwaite Complaint").) While operating the vehicle, he collided with another automobile causing the death of Patricia Garthwaite. (Id.) The decedent's husband initiated a wrongful death and survival action against Randy Gingrich in the Court of Common Pleas for Lebanon County in January 2008. (Doc. No. 1 ¶ 22.) Plaintiff filed a motion for declaratory judgment with this Court, seeking a declaration that it did not owe a duty to defend or indemnify pursuant to Selective Way Policy Number S1588689's Named Driver Exclusion, which excluded any claims arising from accidents occurring while Randy Gingrich was operating the vehicle. (Id. ¶

24.) Following Plaintiff's motion for judgment on the pleadings, this Court granted Plaintiff's motion and upheld the validity of the Named Driver Exclusion. Selective Way Ins. Co. v. Gingrich, Doc. No. 1:08-cv-994, Order and Memorandum Opinion, at 9, June 3, 2010.

Decedent's husband subsequently filed suit against Defendant Cindy Gingrich alleging negligent entrustment of the vehicle to Randy Gingrich. (Garthwaite Complaint, at 15-16.) Decedent's husband alleges that Defendant was negligent in: (1) permitting Randy Gingrich to operate a vehicle for which he was an excluded driver; (2) permitting Randy Gingrich to operate a vehicle when she knew or should have known he was under the influence of alcohol; (3) permitting Randy Gingrich to operate a vehicle under the influence of alcohol in violation of 75 Pa. Cons. Stat. § 3731(a)(1); (4) permitting Randy Gingrich to operate a vehicle on a suspended license in violation of 75 Pa. Cons. Stat. § 1501; (5) permitting Randy Gingrich to operate a vehicle when she knew he was an habitual drinker; and (6) permitting Randy Gingrich to operate a vehicle on a suspended license when he was an excluded driver in violation of 75 Pa. Cons. Stat. § 1574. (Garthwaite Complaint, at 15-16.)

Following the filing of the Garthwaite Complaint, Plaintiff Selective Way Insurance filed a Complaint for Declaratory Judgment with this Court seeking confirmation that it owes no duty to defend or indemnify Defendant Cindy Gingrich under Selective Way Policy Number S1588689 for damages arising from the July 14, 2007, motor vehicle accident. (Doc. No. 1 ¶ 33.) In her Answer, Defendant admits Randy Gingrich was an excluded driver under the policy. (Doc. No. 3 ¶ 13; 15; 17.) In her Answer Defendant further admits "that if she were determined to have negligently entrusted the vehicle to Randy Gingrich said policy would preclude her indemnification." (Id. ¶ 53.)

At the close of the pleadings, Plaintiff moved for judgment on the pleadings. (Doc. No. 13.) Defendant opposed Plaintiff's motion. (Doc. No. 19.)

## II.   STANDARD OF REVIEW

At any time after the pleadings close and so as not to delay trial, a party may move for a judgment on the pleadings. Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view all facts and inferences drawn therefrom in the light most favorable to the nonmoving party. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). A motion for judgment on the pleadings will not be granted unless the moving party clearly establishes that there are no material issues of fact, and he or she is entitled to judgment as a matter of law. DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008).

## III.   DISCUSSION

When considering a declaratory judgment action concerning insurance coverage, this Court must first determine the scope of the policy's coverage. Lucker Mfg.. Home Ins. Co., 23 F.3d 808, 813-14 (3d Cir. 1994). After determining the scope of the policy, the Court will consider whether the facts alleged in the complaint may potentially trigger coverage. Id. at 814. "The question is not as to the truth or falsity of a claim, but whether it is covered by the policy; if it is, the Company must defend it; if it is not, its truth or falsity is wholly immaterial." Gen. Accident Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1094 (Pa. 1997) (quoting Wilson v. Maryland Cas. Co., 105 A.2d 304, 306 (1954)). An insurer "is not required to defend if it would not be bound to indemnify the insured even though the claim against him should prevail in that action." Id. (quoting Wilson, 105 A.2d at 307).

### A. Scope of Selective Way Coverage

Under Pennsylvania law, an insurance company is entitled to issue a policy that insures a motor vehicle but excludes certain drivers from coverage even when driving a covered vehicle. 75 Pa. Cons. Stat. § 1718(c); Donegal Mut. Ins. Co. v. Fackler, 835 A.2d 712, 716 (Pa. Super. Ct. 2003); State Farm Fire and Cas. Co. v. Keenan, 953 F. Supp. 103, 108 (E.D. Pa. 1997) (releasing insurance company from liability to third-party accident victim after finding exclusion of husband, who was driving during the accident, from insurance policy covering wife's car was valid and enforceable). This so-called "named driver exclusion" has been upheld by Pennsylvania courts as consistent with the public policy embodied in the Motor Vehicle Financial Responsibility Law. Donegal, 835 A.2d at 716 (citing Progressive No. Ins. Co. v. Schneck, 813 A.2d 828, 831-32 (Pa. 2002)).

The named driver exclusion in the Selective Policy's Business Auto Form states: "It is agreed that the insurance afforded by the coverage form listed above shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by: Randy Gingrich." (Doc. No. 1, Ex. C, at 55 (emphasis added)). The Pennsylvania Supreme Court has stated that "[w]ords in an insurance policy must be given a reasonable and normal interpretation," and "[w]here the language of a policy is clear and unambiguous, a court is required to give effect to that language." Progressive, 813 A.2d at 831 (citing Standard Venetian Blind Co. v. Am. Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983); Great Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co., 194 A.2d 903, 905 (Pa. 1963)).

Courts are only entitled to go beyond the plain meaning of the contract language when it is contrary to a clearly expressed public policy, which is not the case here. Donegal, 835 A.2d at

716; Progressive, 813 A.2d at 831. Given the clear statement that "insurance afforded by the coverage form listed above shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by: Randy Gingrich," this Court previously concluded that the words of the insurance policy should be given their plain meaning releasing Plaintiff Selective Way Insurance from liability for claims arising out of Randy Gingrich's collision with Patricia Garthwaite. Selective Way Ins. Co. v. Gingrich, Doc. No. 1:08-cv-994, Order and Memorandum Opinion, at 9, June 3, 2009.

Further, the Commercial General Liability Coverage Form excludes coverage for:

> "Bodily injury" or "property damage" arising out of the ownership maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operations and "loading or unloading."
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the occurrence which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to insured.

(Doc. No. 1, Ex. C, at 31.) As such, the Commercial General Liability Coverage form cannot fairly be read to provide coverage for the negligent entrustment of an automobile. Moreover, Defendant herself has conceded that the policy does not provide coverage for claims of negligent entrustment of the vehicle to her husband. (Doc. No. 3, ¶ 53.) In sum, it is undisputed that the policy at issue here does not provide Cindy Gingrich with coverage for the negligent entrustment of a car to Randy Gingrich or accidents arising out of Randy Gingrich's use of a car.

B. **The Facts Alleged in the Underlying Complaint Do Not Trigger Coverage**

As described supra, the underlying Garthwaite complaint seeks damages from Defendant

Gingrich for wrongful death and survival claims based on a theory of negligent entrustment. Specifically, the complaint alleges that Defendant negligently permitted her husband Randy to operate a motor vehicle, which resulted in the death of Patricia Garthwaite. Defendant acknowledges that this claim, if proven, would not give rise to a duty of Plaintiff to indemnify. (Doc. No. 3, ¶ 53.) Rather, she argues that Plaintiff bears the duty to defend on the theory that she did not in fact consent to her husband's operation of the vehicle. (Id.)

The parties do not dispute that the insurance policy does not provide for coverage in the event that Defendant negligently entrusts an automobile to her husband. Further, this Court previously ruled that the insurance policy does not provide coverage for accidents arising out of Randy Gingrich's use of the car. Therefore, even if Defendant were successful in the underlying Garthwaite litigation and were able to demonstrate that Randy Gingrich drove the car without her permission, she would have established a factual circumstance that does not give rise to coverage.

Undeterred, Defendant asserts that even if there is no duty to indemnify, there is still a duty to defend. It is correct that an insurer's duty to defend is broader than its duty to indemnify. See, e.g., Gen. Accident Ins. Co. of America v. Allen, 692 A.2d 1089, 1095 (Pa. 1997). For example, Pennsylvania courts have long held that even where claims are "groundless, false, or fraudulent" an insurer must still bear the burden of defense whenever such claims "may potentially come within the coverage of the policy." Erie Ins. Exch. v. Transamerica Ins. Co., 533 A.2d 1363, 1368 (Pa. 1987) (quoting Gedeon v. State Farm Mut. Auto. Ins. Co., 188 A.2d 320, 321-22 (Pa. 1963)) (emphasis in original). To that end, Defendant places great emphasis on the truism that "[t]he duty to defend is a distinct obligation separate and apart from the insurer's

6

duty to provide coverage." Erie Ins., 533 A.2d at 1368. Unfortunately for Defendant, this proposition buckles under the weight of her argument.

The expansive nature of the duty to defend does not foist upon an insurer the duty to defend all claims. An insurer need only defend those claims where the factual allegations contained in the complaint "might, or might not" come within the scope of the insurance policy. Casper v. Am. Guarantee & Liab.Ins. Co., 184 A.2d 247, 248 (Pa. 1962) (quoting Lee v. Aetna Cas. & Surety Co., 178 F.2d 750, 752 (2d Cir. 1949) (Learned Hand)). Because, by Defendant's own admission, the underlying claim does not fall within the scope of coverage, Plaintiff does not have a duty to defend. Therefore, Plaintiffs motion must be granted.

## IV. CONCLUSION

Although Defendant is correct in her assertion that the duty to defend is separate from and broader than the duty to indemnify, "both duties flow from a determination that the complaint triggers coverage." Gen. Accident Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1095 (Pa. 1997). In the present action, if Defendant is successful in the Garthwaite litigation, coverage will, of course, not follow. And Defendant concedes that if she is unsuccessful in the underlying litigation coverage will also not follow. For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is granted.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SELECTIVE WAY INSURANCE COMPANY,** : | |
| Plaintiff : | CIVIL ACTION NO. 1:10-CV-405 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| **CINDY GINGRICH,** : | |
| Defendant : | |

## ORDER

**AND NOW** on this 27th day of October 2010, upon consideration of Plaintiff's motion for judgment on the pleadings (Doc. No. 13), **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion for judgment on the pleadings is **GRANTED.**

2. The terms of Selective Policy number S1588689, including the Exclusion of Named Driver Endorsement (AP-300)in the Business Auto Coverage Form, and Exclusion g, in the Commercial General Liability Coverage Form, which specifically exclude Cindy Gingrich from receiving any insurance coverage while her husband Randy Gingrich is operating a vehicle and involved in an accident, is valid and enforceable;

3. Selective Way Insurance Company has no duty or obligation under policy number S1588689 to indemnify Cindy Gingrich for any and all damages and punitive damages she may become legally obligated to pay as a result of the accident of July 14, 2007, including but not limited to those damages which may be owed to the Estate of Patricia Garthwaite and those damages being claimed in the Garthwaite Litigation currently pending in the Lebanon County Court of Common Pleas, Civil Action No. 2009-01636, captioned <u>Kevin R. Garthwaite, Individually and as Administrator of the Estate of Patricia Garthwaite, deceased v. Cindy Gingrich</u>;

4. Selective Way Insurance Company has no duty or obligation to defend, provide a defense, or to pay for the defense of Cindy Gingrich in any claim, suit or litigation commenced as a result of the accident of July 14, 2007, including but not limited to the Garthwaite Litigation currently pending in the Lebanon County Court of Common Pleas, Civil Action No. 2009-01636, captioned <u>Kevin R. Garthwaite, Individually and as Administrator of the Estate of Patricia Garthwaite, deceased v. Cindy Gingrich</u>;

5. The Clerk of Court is directed to enter judgment in favor of Plaintiff and to close the case.

     S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania